STATE of Alaska, Petitioner,

v.

ALASKA CIVIL LIBERTIES UNION,
et al., Respondents.

No. S–12480.

Supreme Court of Alaska.

Dec. 19, 2006.

ORDER

Upon considering the petition for review filed by the State of Alaska on November 6, 2006, the opposition filed by Respondents on November 16, 2006, and the reply filed by the State of Alaska on December 5, 2006, the Alaska Legislature's motion for leave to file amicus brief, filed on November 24, 2006, and the parties' responses to that motion, filed December 1 and December 7, 2006,

IT IS ORDERED:

1. The petition for review is GRANTED.

2. The Alaska Legislature's motion for leave to submit an *amicus curiae* brief and to accept the Legislature's proposed *amicus* response to the petition is GRANTED to the extent that the *amicus* response addresses the issues raised by the parties of record. The motion is DENIED to the extent that the Legislature's *amicus* response requests a stay of the January 1, 2007 deadline for compliance. As the *amicus* brief itself acknowledges, an *amicus* party may not seek relief beyond the scope of relief sought by the parties of record.[1]

3. On June 1, 2006, we directed the superior court to enter such orders as it deemed necessary to ensure compliance by January 1, 2007 with the opinion this court entered on October 28, 2005.[2] On October 13, 2006, the Commissioner of Administration, seeking to comply with this court's mandate, adopted regulations conferring employee medical benefits and retirement systems benefits on same-sex partners of state employees. The superior court subsequently ordered the Commissioner to revise and expand these regulations, ruling that the modifications were necessary to comply with the constitutional standards recognized in our opinion. The state now seeks review of the superior court's order, asserting that it exceeded the scope of the superior court's authority on remand. We agree.

4. The original claims in this case challenged the constitutionality of denying public employee health, insurance, and retirement benefits to same-sex partners of state employees but did not identify particular benefits or request any specific form of relief. The mandate of our opinion thus broadly directed the state to take appropriate action to confer such benefits and had no occasion to consider what form a regime providing such benefits could permissibly take. When disputes concerning the deadline for compliance later arose, we issued our June 1, 2006, order remanding the case to the superior court with directions to ensure that the state began offering benefits covered by our decision no later than January 1, 2007.

5. Although our June 1, 2006 order might have been phrased more clearly, it was not meant to empower the superior court to subject the individual details of the state's implementation plan to constitutional scrutiny. Constitutional review of such details at the remedial stage of this case would hamper the primary goal of expeditious compliance and exceed the scope of the remedies sought in the original complaint. Accordingly, absent a basis for finding bad faith, discriminatory intent, or clear facial invalidity, we hold that the regulations adopted by the state must be accorded the usual presumption of constitutionality and must be reviewed under the test that applies when a regulation is challenged on non-constitutional grounds: as long as the regulations attempt to offer the benefits mandated by our opinion in a rational and non-arbitrary manner, they must be approved. Any new constitutional questions arising from the details of the implementing

---

1. In seeking to relax the traditional rule restricting *amicus* parties from requesting new relief, the Legislature points out that, in similar cases, courts of other states have allowed a reasonable time for legislative or agency compliance. But the time allowed in those cases does not appear to have exceeded approximately six months. Here, the current compliance date falls more than fourteen months after this court issued its opinion, and a full seven months after our June 1, 2006 order directing the superior court to enforce timely compliance. The current deadline reflects the State of Alaska's own estimate of the time it needed to ensure such compliance. Neither the Commissioner of Administration nor the Department of Law has asserted a need for additional time to comply. And during the course of the proceedings on remand, the Commissioner and the Department of Law have consistently asserted on behalf of the State of Alaska that the Commissioner has legal authority to implement this court's mandate by regulation, without need for legislative approval—a position we uphold as a matter of law in this order. The Alaska Constitution's Due Process Clause guarantees the Respondents the right to have their judgment in this case enforced; and Article III, section 16 of the Alaska Constitution expressly gives the executive branch full power to enforce compliance with the Constitution. Given these circumstances, we believe that it would deny due process and encroach on the executive branch's constitutional powers of enforcement to grant an informal, *amicus* request by the Legislature seeking a stay that the Respondents oppose and that the State of Alaska has not formally sought or claimed to be needed.

2. *Alaska Civil Liberties Union v. State*, 122 P.3d 781 (Alaska 2005).

regulations must be asserted by future challenge in separate proceedings.

6. Applying this standard here, we conclude that the regulations adopted by the Commissioner of Administration are valid. We further agree with and uphold the State of Alaska's position that the Commissioner had authority to adopt the disputed regulations, including both those affecting medical benefits and those affecting benefits under the state's retirement systems.

7. We therefore VACATE the superior court's decision, APPROVE the regulations as adopted, DECLARE those regulations to be deemed effective, and DIRECT the State of Alaska to comply with the January 1, 2007 deadline in accordance with this court's June 1, 2006 order.[3]

3. The medical benefits regulations are deemed to have become effective thirty days after they were adopted by the Commissioner; the retirement systems benefits regulations are deemed to have become effective thirty days after the Commissioner lodged them for filing with the Lieutenant Governor's office.